# In the
# United States District Court
## For the Northern District of Ohio
### Eastern Division

| | |
|---|---|
| **UNITED STATE OF AMERICA** ) | CASE NO. 1:19 CR 523-14-BYP |
| PLAINTIFF ) | |
| vs. ) | **JUDGE BENITA Y. PEARSON** |
| ) | |
| **JOSE FRANCISCO REYES** ) | |
| ) | **MOTION TO REVEAL THE "DEAL" MADE BY** |
| DEFENDANT ) | **THE GOVERNMENT WITH ANY WITNESS** |
| ) | **EXPECTED TO TESTIFY OF JOSE FRANCISCO** |
| ) | **REYES** |
| _____) | |

Now comes Defendant JOSE FRANCISCO REYES, by and through his CJA counsel, Richard P. Kutuchief, who respectfully moves this Court for an Order requiring the Government to reveal any agreement, including a plea agreement, entered into between the United State's Attorney's office, or any other law enforcement agency, and any prosecution witness, including but not limited to, any and all consideration given to or made on behalf of government witnesses.

By "consideration or promises of consideration", Mr. Reyes refers to absolutely anything of value or use, including but not limited to, immunity grants, witness fees, special witness fees, transportation assistance, assistance to member of witness' family or associates of witness, assistance or favorable treatment with respect to any criminal, civil, administrative dispute with the State or the United States, and anything else which could arguably create an interest or bias in the witness in favor of the Government, or against the defense, and or act as an inducement to testify and or to color testimony.

This motion is more fully addressed in the attached memoranda in support.

Respectfully submitted,

/s/ *Richard P. Kutuchief*
RICHARD P. KUTUCHIEF/0025199
Attorney for Defendant Jose F. Reyes
The KFarm
3351 Cormany Road
Coventry Township, Ohio 44319
330.762.1134
justuse@aol.com

**MEMORANDUM IN SUPPORT**

Counsel for the defense asserts that any agreement or consideration as delineated above between the United States Attorney's office and/or any other law enforcement agency, and a prosecution witness, could conceivably influence the witness' testimony.

The motion pertains to any government witness that the United States Attorney and or the others above mentioned, has offered any incentive or agreement or inducement for that witness to testify. Included in this request is for the government to reveal the instances that any one of these witnesses testified on behalf of the prosecution in any state or federal trial occurring prior to, or concurrently with, the instant matter, including any charge dismissal, or reductions, and any sentencing, probation violation, or parole considerations for themselves, friends, and or relatives of

2

the witness. This includes co-defendants indicted or otherwise who intend to become a government witness.

In *Giglio v. United States*, 405 U.S. 150 (1972), the Court held that the defendant was entitled to a new trial when the government had failed to disclose an alleged promise made to its key witness that he would not be prosecuted if he testified for the prosecution. The court ruled that the witness credibility was an important issue and evidence as to any agreement with the government would be relevant to his credibility and the jury was entitled to know of it.

This decision is further supported by decisions of *U.S. v. Kaplan*, 470 F.2d 100 (6th Cir. 1972) and *U.S. v. Harris,* 462 F.2d 1033 (10th Cir. 1972).

Because the reliability or credibility of any given witness may be determinative of guilt or innocence, the suppression of any considerations given or promised to be given in exchange for aid and or testimony in the present matter would be a violation of the defendant's Fourteenth Amendment Due Process Rights. *United State v. Minsky*, 963 F.2d 870 (6th Cir. 1992); *Giglio, Harris, Kaplan, Supra.*

Defendant further asserts that in addition to promises or consideration which might promote the cooperation of a witness with the government, the defendant is also entitled to be advised of any matter which might cause a witness to color his or her testimony in favor of the government out of fear or interest in self-preservation. Inclusive in this category is information concerning the witnesses: possible vulnerability to prosecution, parole, or probation revocation, or other sanction by the State. In *United States v. Bonnano*, 430 F.2d 1060 (2nd Cir. 1970), *cert.denied,* 400 U. S. 964 (1971), the Court condemned the government's failure to disclose an outstanding indictment

3

against its witness, since the pungency of the charge would have shown "possible motivation of the witness to testify favorably for the government." *Id.* At 1062.

Furthermore, in *United States v. Padgent*, 432 F.2d 701 (2nd Cir. 1970), the Court reversed the defendant's conviction because his counsel had been denied the right to question a government witness on cross examination with regard to the witness' vulnerability to indictment for bail jumping. *See also, Davis v. Alaska*, 415 U.S. 308 (1974).

The Government is already under an obligation to reveal such evidence. The mandates of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 115 S.Ct 155 (1995) include impeaching evidence of any kind.

Therefore, counsel for the defense respectfully requests this court to order the government to reveal any agreement entered into between itself and any prosecution witness. It is elementary as to how critically important this information is to the defense.

𝔚𝔥𝔢𝔯𝔢𔣯𔣯𔣯𔠀𔠀, for the above reasons, Defendant requests that the within Motion be Granted, and the information sought be ordered.

                                  Respectfully submitted,

                                  /s/ *Richard P. Kutuchief*
                                  RICHARD P. KUTUCHIEF/0025199
                                  Attorney for Defendant Jose Francisco Reyes
                                  𝔗𝔥𝔢 𝔎𝔉𝔞𝔯𝔪
                                  3351 Cormany Road
                                  Coventry Township, Ohio 44319
                                  330.762.1134
                                  justuse@aol.com

## Proof of Service

    I hereby certify that on this 21st day of May, 2020, a copy of the foregoing was filed electronically.  Parties may access this filing through the court's system.  Notice of this filing will be sent by operation of the court's electronic filing system.

*/s/ Richard P. Kutuchief*
RICHARD P. KUTUCHIEF/0025199