PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. 1:19-CR-00523-14 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| JOSE FRANCISCO REYES, | ) **MEMORANDUM OF** |
| | ) **OPINION AND ORDER** |
| Defendant. | ) |
| | ) [Resolving ECF No. 518] |

The Court considers the Government's Motion for a Declaration of Bond Forfeiture (ECF No. 518) under 18 U.S.C. § 3146 and Fed. R. Crim. P. 46(f). The Motion is granted.

### I. INTRODUCTION

Defendant Jose Francisco Reyes, a citizen of Mexico, was indicted on drug trafficking charges in the Northern District of Illinois. *See* ECF No. 82. He was arrested and released under pretrial conditions with a $250,000.00 unsecured bond cosigned by Mses. Annette Reyes, Gabriella Magana, and Patricia Matthews ("Sureties"). *See* Notice [Non–Document] 03/13/2020; ECF No. 102–10. Shortly after release, Defendant left his home without authorization and disappeared. *See* ECF No. 252 at PageID #: 1321. His whereabouts remain unknown and the unsecured bond was transferred to the Northern District of Ohio. *See* ECF Nos. 102–10, 254. The Government now moves for forfeiture of that bond. *See* ECF No. 518.

Defendant failed to appear at a hearing on the motion, and the Court granted a continuance. *See* Minutes of Proceedings [Non–Document] 10/07/2025. The Parties were

(1:19-CR-00523-14)

ordered to brief the issue. *See* Minutes of Proceedings [Non–Document] 10/07/2025. They timely complied. *See* ECF Nos. 518, 527, 528. Again, Defendant did not appear at the continued hearing, and the Court granted the instant motion. *See* Minutes of Proceedings [Non-Document] 12/18/2025. It now expands on that grant and its reasoning.

## II. Law

A bail bond ensures and insures that a criminal defendant will reappear when haled by a federal court. *See United States v. Vaccaro*, 51 F.3d 189, 192–93 (9th Cir. 1995). It is not a guarantee, but a binding contract between government, principal, and surety. *See United States v. D'Anna*, 487 F.2d 899, 900 (6th Cir. 1973) (citing *United States v. Jackson*, 465 F.2d 964 (10th Cir. 1972). Forfeiture of money or property securing a bond "discourage[s] violations of bail covenants and . . . deter[s] defaults which create unnecessary delay and expense to the government." *Smith v. United States*, 357 F.2d 486, 490 (5th Cir. 1966). Forfeiture is mandatory under Fed. R. Crim. P. 46(f)(1) when a defendant breaches any condition of their bond. *See United States v. Nolan*, 564 F.2d 376, 378 (10th Cir. 1977) (holding the district court had no discretion to not forfeit a bond when defendant failed to appear).

In their briefings, the Parties contest the existence of a breach and the factors for setting aside forfeiture. The latter, however, is premature. The Court cannot set aside a forfeiture before actually ordering forfeiture. Because Fed. R. Crim. P. 46(f)(1) requires forfeiture when a bond is breached, the Court assesses and addresses a single question: whether Defendant violated a condition of his bond.

(1:19-CR-00523-14)

### III. Discussion

Defendant was released from federal custody on an unsecured bond with conditions mirroring those in the Northern District of Illinois including reporting requirements, location monitoring, and residential detention. See United States v. Reyes, No. 1:20-CR-00151 (N.D. Ill. filed Mar. 11, 2020). Since disappearing in 2021, he has not reported to pretrial services, not submitted to location monitoring, and not returned to home detention. See United States v. Hernandez–Leon, et al., No. 1:19-CR-00523-14 (N.D. Ohio filed August 28, 20129). Additionally, he has failed to appear as ordered before any federal court in the five years since absconding. ECF No. 518 at PageID #: 3274. He is, therefore, unequivocally in breach of the conditions of his unsecured bond, thereby triggering mandatory forfeiture under Fed. R. Crim. P. 46(f)(1).

Defendant's counsel argues that "the Government has [neither] served nor noticed the sureties of the Motion for forfeiture." ECF No. 527 at PageID #: 3534. True enough, notice to a bond surety is required when the Government moves for judgment and enforcement after forfeiture; however, notice is *not* required when a defendant fails to appear and their bond is merely forfeited. See United States v. Navarrete-Martinez, 776 F.2d 887 (10th Cir. 1985); 3B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Criminal* § 779 (2024).

### IV. Conclusion

The Government's Motion for a Declaration of Bond Forfeiture (ECF No. 518) is granted. It may move for default judgment under Fed. R. Crim P. 46(f)(3)(A). If default judgment is entered, the Government may move to enforce the bond forfeiture herein. See Fed.

3

(1:19-CR-00523-14)

R. Crim. P. 46(f)(3)(C). If necessary, the Clerk of Court shall promptly mail a copy of that enforcement on the Sureties at their last known address. *See id.*

IT IS SO ORDERED.

| | |
|---|---|
| December 18, 2025 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |